IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN MELDON, Derivatively on Behalf of FRESHPET, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD THOMPSON, RICHARD KASSAR, SCOTT MORRIS, CATHAL WALSH, THOMAS FARINA, STEPHEN MACCHIAVERNA, MICHAEL HIEGER, CHARLES A. NORRIS, CHRISTOPHER B. HARNED, DARYL G. BREWSTER, ROBERT C. KING, JONATHAN S. MARLOW, J. DAVID BASTO, LAWRENCE S. COBEN, PH.D., WALTER N. GEORGE III, and CRAIG D. STEENECK,<br><br>Defendants,<br><br>-and-<br><br>FRESHPET, INC.,<br><br>Nominal Defendant. | Civil Action No.: 18-CV-10166 |

## STIPULATION AND [PROPOSED] ORDER TO STAY LAWSUIT

WHEREAS, the lawsuit captioned *Curran v. Freshpet, Inc. et al.*, Civil Action No. 2:16-cv-02263-MCA-LDW (the "Curran Action"), was filed in the District of New Jersey on May 21, 2016, is brought as a putative class action, and alleges violations of the federal securities laws; and

WHEREAS, the lawsuit caption *Meldon v. Thompson, et al.*, Civil Action No. 2:18-cv-10166-MCA-LDW (the "Meldon Action"), was filed in the District of New Jersey on June 5, 2018, is brought as a derivative action, and alleges breaches of fiduciary duty based, inter alia, on the violations of the federal securities laws alleged in the Curran Action; and

WHEREAS, counsel for the parties in the Meldon action have conferred and agreed that it would be in the interest of the parties and the interest of judicial economy and efficiency if the Meldon Action is stayed pending further litigation activity in the Curran Action;

NOW THEREFORE, it is hereby STIPULATED and AGREED as follows:

1. Defendants in the Meldon Action hereby waive service of the summons, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. Defendants' time to respond to the Complaint shall be stayed as set forth herein.

2. The Meldon Action shall be stayed until the earlier of (1) the close of discovery in the Curran Action, or (2) the dismissal with prejudice of the Curran Action. Counsel for the parties in the Meldon Action may further modify or extend this stay as they may mutually agree.

3. Within thirty (30) days after either the close of fact discovery in the Securities Actions, or the dismissal with prejudice of the Curran Action (whichever occurs first), the Parties in the Meldon Action will meet and confer in good faith to

determine a schedule for the Action going forward and will submit a proposed scheduling stipulation for this Court's review and approval. *Meanwhile, this action shall be moved to the closed docket, without prejudice, to a administrative termination. LDW*

4. Counsel for the defendants in the Curran Action shall provide to counsel for plaintiff in the Meldon Action all discovery responses, documents and materials that defendants have produced or will produce to plaintiffs in the Curran Action, within ten (10) days of serving or producing such documents to plaintiffs in the Curran Action. Counsel for plaintiff in the Meldon Action agrees to enter into and be bound by a Confidentiality Agreement similar in terms and scope to the Confidentiality Agreement entered into by the parties in the Curran Action. The discovery responses, documents and materials, or portions thereof, may be designated as confidential under the Confidentiality Stipulation.

5. Counsel for the defendants in the Curran Action shall provide to counsel for the plaintiff in the Meldon Action copies of transcripts of the defendants' depositions taken in the Curran Action within ten (10) days after those transcripts become available. The transcripts, or portions thereof, may be designated as confidential under the Confidentiality Agreement.

6. Counsel for defendants will notify counsel for plaintiff if defendants are served with any other shareholder derivative proceedings, including but not limited to a summons and complaint or a demand for the inspection of documents, initiated on behalf of Freshpet, Inc., based on the same or similar set of factual

allegations as in the Meldon Action. In the event that any documents are produced in response to any such shareholder proceeding, defendants shall produce the same documents to plaintiff within ten (10) days of such production.

7. By entering into this Stipulation, the Parties do not waive any rights not specifically addressed herein.

*/s/Jennifer Sarnelli*
Jennifer Sarnelli
**GARDY & NOTIS, LLP**
560 Sylvan Avenue, Suite 3085
Englewood Cliffs, NJ 07632
(201) 567-7377

David J. Stone
Melissa Fortunato
**BRAGAR EAGEL & SQUIRE, P.C.**
885 Third Avenue, Suite 3040
New York, NY 10022
(212) 308-5858

*Attorneys for Plaintiff*

Date: June 21, 2018

Robert L. Hickok
Meredith Sherman
**PEPPER HAMILTON LLP**
301 Carnegie Center, Suite 400
Princeton, NJ 08543
(609) 951-4125

Jay A. Dubow
Erica H. Dressler
**PEPPER HAMILTON LLP**
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
(215) 981-4000

*Attorneys for Defendants*

Date: June 21, 2018

**SO ORDERED.**

_____ 6/25/2018
U.S.M.J.