# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN MELDON, Derivatively and on Behalf of FRESHPET, INC., | CIVIL ACTION NO.: 18-CV-10 166 |
| Plaintiff, | |
| vs. | |
| RICHARD THOMPSON, RICHARD KASSAR, SCOTT MORRIS, CATHAL WALSH, THOMAS FARINA, MACCHIAVERNA, MICHAEL HIEGER, CHARLES A. NORRIS, CHRISTOPHER B. HARNED, DARYL G. BREWSTER, ROBERT C. KING, JONATHAN S. MARLOW, J. DAVID BASTO, LAWRENCE S. COBEN, PH.D., WALTER N. GEORGE III, and CRAIG D. STEENECK, | |
| Defendants, | |
| and | |
| FRESHPET, INC., | |
| Nominal Defendant. | |

## ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing on July 21, 2020, to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated May 4, 2020, and the exhibits thereto (the

- 1 -

"Stipulation"). The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement. Good cause appearing therefore, the Court enters this Order and Final Judgment ("Judgment").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

Unless otherwise stated herein, all capitalized terms contained in this Judgment shall have the same meaning and effect as stated in the Stipulation.

This Court has jurisdiction over the subject matter of the Derivative Action and over the Settling Parties to the Derivative Action.

This Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Settling Parties, Freshpet, Inc. ("Freshpet"), and Current Freshpet Stockholders, and hereby finally approves the Settlement in all respects and directs the Settling Parties to perform the terms of the Settlement as set forth in the Stipulation.

This Court hereby dismisses the Derivative Action with prejudice and without costs to the Settling Parties, except as otherwise provided below.

Upon the Effective Date, Plaintiff (both individually and derivatively on behalf of Freshpet), Freshpet, any other Current Freshpet Stockholders on behalf of Freshpet, and Plaintiff's Counsel shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Claims (including Unknown

Claims) against the Released Parties.

Upon the Effective Date hereof, the Settling Parties are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Parties as set forth in and in accordance with the terms of the Stipulation.  Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

On an annual basis, the Company, via Defendants' Counsel, shall provide Plaintiff's Counsel with written verification that the Governance Reforms are being carried out by the Company.

Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation. The Court finds that the Notice of Proposed Settlement of Shareholder Derivative Action ("Notice") was given in accordance with the Preliminary Approval and Scheduling Order entered on May 18, 2020, and that such Notice was reasonable, constituted the most practicable notice under the circumstances to Current Freshpet Stockholders, and complied with the requirements of federal law and due process.

The Court hereby approves the Fee and Expense Award and the Service Award and directs payment of the Fee and Expense Award and the Service Award in accordance with the terms of the Stipulation.

During the course of the litigation of the Derivative Action, all Settling Parties and their counsel acted in good faith and complied with Fed. R. Civ. P. 11 and any similar rule or statue.

Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, is or may be deemed to be or may be used as: (a) an admission of, or evidence of, the validity of any Released Claim or any wrongdoing or liability of the Defendants, or the Court's jurisdiction over the Released Parties for purpose of the Released Claims or for any other purpose; (b) an admission or concession by Plaintiff or any Freshpet stockholder of any infirmity in the claims asserted in the Complaints; or (c) an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, equitable estoppel, judicial estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; and (b)

all Settling Parties and the Settling Parties' counsel hereto for the sole purpose of construing, enforcing, and administering the Stipulation and this Order and Final Judgment.

There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed by the Court.

IT IS SO ORDERED.

DATED: 8/4/20

_____
HONORABLE MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE